UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LKKLE MORE CARIB INC,                           :         [      Civ.      ]

                    Plaintiff(s),   :
          v.                                          :         **COMPLAINT**

HERMAN LAWRENCE, and JUMIEKA, LLC       :         [JURY TRIAL DEMANDED]
                 Defendant(s).   :
---------------------------------------------------------X

Plaintiff LIKKLE MORE CARIB INC. ("Plaintiff"), by and through its attorneys, ROBERT L. REDA, P.C., for its Complaint against defendants Herman Lawrence ("Lawrence") and Jumieka, LLC ("Jumieka") (collectively the "Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is an action for infringement of Plaintiff's federally-registered trademark/service mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), [for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c),] and for substantial and related state law claims of under the statutory and common laws of the State of New York, all arising from the Defendant's unauthorized use of the mark in connection with the sale of Defendant's goods, products and services related to Jerkito Burrito and Likkle More Jerk.

2.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this district under [28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district, and/or 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

5. Plaintiff is a corporation that is incorporated in the State of New York and has its principal place of business located in the state of New York at 20 West Street, New York, New York and is engaged in the restaurant and catering business located at 445 Albee Square West Dekalb Market Hall, Brooklyn, New York.

6. Upon information and belief, Defendant Herman Lawrence is an individual who is a citizen of a foreign country and an individual who resides in the City and State of New York.

7. Defendant Jumieka, LLC is a limited liability company formed under the laws of the State of New York and does business in the City and State of New York and is engaged in the

restaurant and catering business and has a principal place of business located at 582 Bainbridge Street, Brooklyn, New York.

8. Upon information and belief, Defendant Jumieka has one member: Upon information and belief, Herman Lawrence is a citizen of Jamaica and resides in the State and city of New York.

## FACTS

9. At all relevant times, Plaintiff has operated a restaurant, food service and catering business located at 445 Albee Square West Dekalb Market Hall, Brooklyn, New York (the "Location") and both prior to and after its registration of the trademarks at issue here, has used them in connection with the operation of its business.

10. Plaintiff is the owner of valid and subsisting United States Trademark/Service Mark] Registration No. 5,529,953 on the Principal Register in the United States Patent and Trademark Office for the trademark/service mark, namely "Jerkito Burrito" (hereinafter "Jerkito Burrito Mark" or the "Trademark") for preparation and sale of that product, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

11. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark/Service Mark Registration No. 5,529,953, which was issued by the United States Patent and Trademark Office on July 31, 2018.

12. Plaintiff has used the Trademark in commerce in the State and City of New York continuously since 2017 in connection with the productions, marketing, advertising, promotion and sale of its food products.

13. As a result of its widespread, continuous, and exclusive use of the Trademark to identify its goods and services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Trademarks.

14. Plaintiff's Trademark is distinctive to both the consuming public and Plaintiff's trade.

15. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the Trademark including through plaintiff's marketing, advertising, and promotional efforts and channels for goods or services under its mark.

16. Plaintiff offers and sells its goods and services under its Trademark to the public including consumers that patronize the restaurant and are offered and sold under the Plaintiff's Trademarks.

17. The goods and services Plaintiff offers under the Trademark are of high quality.

18. As a result of Plaintiff's expenditures and efforts, the Trademark have come to signify the quality of the goods and services designated by the Trademark, and acquired distinction, reputation, and goodwill belonging exclusively to Plaintiff.

19. As a result of its distinctiveness and use and promotion throughout the State of New York, Plaintiff's Trademark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendant alleged herein.

B. Defendant's Unlawful Activities

20. Upon information and belief, Defendant is engaged in the same restaurant and food service business to the public as the Plaintiff.

21. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its Trademark, Defendant adopted and began using the "Jerkito Burrita" in US commerce.

22. The Jerkito Burrito Mark adopted and used by Defendant is identical to Plaintiff's Jerkito

Burrito Mark.

23. Upon information and belief, Defendants have been engaged in the production, distribution, advertising, promotion, offering for sale, and sale of the goods and services using the Jerkito Burrito Mark throughout the State of New York.

24. Attached hereto as Exhibit 2 are true and correct photographic depictions and copies of representative photographs taken from the Defendant's website, Instagram, menu and promotional materials showing Defendant's use of the Jerkito Burrito Mark.

25. Upon information and belief, the goods and services Defendant has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Jerkito Burrito Mark are the same as those rightfully produced, sold and marketed by Plaintiff in the competitive proximity to those of the trademark owner.

26. Defendant offers and sells its goods and services under the Jerkito Burrito Mark to Consumers, customers, patrons and other members of the public UNDER THE Jerkito Burrito Mark who overlap with the consumers of goods or services offered by the plaintiff under its mark.

27. On August 8, 2023, Plaintiff's counsel hand delivered a cease and desist letter to Defendants and their counsel objecting to Defendant's use of the Jerkito Burrito Mark.

28. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's counsel's cease and desist letter to Defendants.

29. To date, plaintiff has received no response to its cease and desist letter and, after reasonable inquiry, has no evidence that defendant has failed to comply with the demands set out in plaintiff's counsel's cease and desist letter.

<8>

30. defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the defendant's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that defendant's goods and services originate from, are associated or affiliated with, or otherwise authorized by plaintiff.

31. Defendant's infringing acts as alleged herein have resulted in actual confusion in the market place.

32. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Jerkito Burrito Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to the Defendant.

33. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Federal [Trademark/Service Mark] Infringement)

34. Plaintiff repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35. Defendant's unauthorized use in commerce of the Jerkito Burrito Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

36. Defendant's conduct therefore constitutes [trademark/service mark] infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Trademarks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

38. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

39. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition)

40. Plaintiff repeats and realleges paragraphs 1 through 39 hereof, as if fully set forth herein.

41. Defendant's unauthorized use in commerce of the Jerkito Burrito Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

42. Defendant's unauthorized use in commerce of the Jerkito Burrito Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

43. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

44. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

46. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### (Federal Trademark/Service Mark Dilution)

47. Plaintiff repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

48. Plaintiff's Jerkito Burrito Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Plaintiff's Jerkito Burrito Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

50. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Jerkito Burrito Mark.

51. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Jerkito Burrito Mark by undermining and damaging the valuable goodwill associated therewith.

52. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment.

## COUNT FOUR
(Violation of NY Gen Bus. Law §360-k)

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. At all relevant times, Defendant has and continues to reproduce, counterfeit, copy, or otherwise imit use the Jerkito Burrito Mark in connection with distributing, selling, offering for sale, or advertising goods or services where the use is likely to cause confusion about the source or origin of the goods or services.

56. At all relevant times, Defendant has and continues to reproduce, counterfeit, copy, or colorably imita the Jerkito Biurrito and apply the reproduction, counterfeit, copy, or colorable imitation to labels, signs, prin packages, wrappers, receptacles, or advertisements intended for use on or in connection with selling or distributing goods or services in New York with a likelihood of confusion about the source or origin.

57. Defendant's conduct constitutes a violation of N.Y. Gen. Bus. Law § 360-k, et al.

58. Defendant's acts as alleged herein are intentional and willful in violation of Section 360 of the New York General Business Law, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

59. Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three

times the damages and profits and reasonable attorneys' fees under N.Y. Gen. Bus. Law § 360-m (1) togethe with costs of the action and prejudgment and post-judgment interest.

## COUNT FIVE
(Common Law Trademark Infringement)

60. Plaintiff repeats and realleges paragraphs 1 through 59 hereof, as if fully set forth herein.

61. The Plaintiff has a valid and legally protectable mark.

62. At all relevant times, Defendant has and continues to reproduce, counterfeit, copy, or otherwise imit use the Jerkito Burrito Mark in connection with distributing, selling, offering for sale, or advertising goods or services where the use is likely to cause confusion about the source or origin of the goods or services.

63. At all relevant times, Defendant has and continues to reproduce, counterfeit, copy, or colorably imit the Jerkito Biurrito and apply the reproduction, counterfeit, copy, or colorable imitation to labels, signs, prin packages, wrappers, receptacles, or advertisements intended for use on or in connection with selling or distributing goods or services in New York with a likelihood of confusion about the source or origin.

64. There is a likelihood of confusion arising from the Defendant's use of a similar mark.

65. Defendant's acts as alleged herein were and are intentional and willful in violation of New York's common law, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

66. Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three times the damages and profits and reasonable attorneys' fees together with costs of the action and prejudgment and post-judgment interest.

## COUNT SIX
(Anti-dilution Pursuant to N.Y. Gen. Bus. Law § 360-l).

67. Plaintiff repeats and realleges paragraphs 1 through 66 hereof, as if fully set forth herein.

68. Plaintiff and the Defendant are competitors within the New York market selling similar goods and services appealing to consumers with similar tastes.

Plaintiff's Jerkito Burrito Mark has a distinctive quality or secondary meaning capable of dilution.

69. Plaintiff's Jerkito Burrito Mark is the same as the mark that the Defendant is wrongfully using.

70. There is a likelihood of dilution.

71. Defendant's wrongful use of Plaintiff's Jerkito Burrito Mark to identify its goods or services has and will continue to blur or otherwise eviscerate the utility of Plaintiff's mark as a unique product identifier.

72. Defendant's wrongful use of Plaintiff's Jerkito Burrito Mark has and will continue to tarnish Plaintiff's mark since Defendant is using the mark in connection with inferior quality products, is being portrayed in an unsavory context and has and will continue to cause negative associations with Plaintiff's mark.

73. Defendant's acts as alleged herein were and are intentional and willful in violation of New York's General Business Law §360-l, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

74. Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three times the damages and profits and reasonable attorneys' fees together with costs of the action and prejudgment and post-judgment interest.

## COUNT SEVEN
(Unfair Competition Pursuant to NY Common Law)

75. Plaintiff repeats and realleges paragraphs 1 through 74 hereof, as if fully set forth herein.

76. Defendant has and continues to, in bad faith, intentionally and wrongfully sell and promote goods and services using the Plaintiff's Jerkito Burrito Mark.

77. Defendant has and continues to misappropriate the skill, expenditure and labors of the Plaintiff's goods and services.

78. In so doing, Defendant has intentionally caused actual confusion in the market place.

79. Defendant's use of Plaintiff's protected and registered Jerkito Burrito Mark creates a presumption of bad faith.

80. Defendant's acts as alleged herein were and are intentional and willful in violation of New York's common law, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

81. Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three times the damages and profits and reasonable attorneys' fees together with costs of the action and prejudgment and post-judgment interest.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. On Count One, Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest;

2. On Count Two, Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable

attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest;

3. On Count Three, Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment;

4. On Count Four, Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three times the damages and profits and reasonable attorneys' fees under N.Y. Gen. Bus. Law § 360-m (1) together with costs of the action and prejudgment and post-judgment interest;

5. On Count Five, Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three times the damages and profits and reasonable attorneys' fees together with costs of the action and prejudgment and post-judgment interest;

6. On Count Six, Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three times the damages and profits and reasonable attorneys' fees together with costs of the action and prejudgment and post-judgment interest;

7. On Count Seven, Plaintiff is entitled to, among other relief, an award of actual damages, treble damages up to three times the damages and profits and reasonable attorneys' fees together with costs of the action and prejudgment and post-judgment interest.

8. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote any goods or services bearing the mark JERKITO BURRITO MARK or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Jerkito Burrito;

b. engaging in any activity that infringes Plaintiff's rights in its JERKITO BURRITO MARK;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's JERKITO BURRITO MARK;

e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

f. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark JERKITO BURRITO MARK or any other mark that infringes or is likely to be

confused with Plaintiff's JERKITO BURRITO MARK, or any goods or services of Plaintiff, or Plaintiff as their source; and

    h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

9. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

10. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark JERKITO BURRITO MARK or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's JERKITO BURRITO MARK, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark JERKITO BURRITO MARK or any other mark that is a counterfeit, copy, simulation,

confusingly similar variation, or colorable imitation of the Plaintiff's JERKITO BURRITO MARK, and to immediately remove them from public access and view.

11. Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark JERKITO BURRITO MARK or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's JERKITO BURRITO MARK.

12. Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark JERKITO BURRITO MARK or any mark consisting of, incorporating, or containing Plaintiff's JERKITO BURRITO MARK or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

13. Directing Defendant to cancel with prejudice any and all of its registrations for the mark JERKITO BURRITO MARK or any mark consisting of, incorporating, or containing Plaintiff's JERKITO BURRITO MARK or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

14. Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of any purported registration of any and all other federal registrations for the mark JERKITO BURRITO MARK or any mark consisting of, incorporating, or containing Plaintiff's JERKITO BURRITO MARK or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendant.

15. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days

after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

16. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

17. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

18. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

19. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

20. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

21. Awarding such other and further relief as the Court deems just and proper.

Dated:   November 12, 2023
         Suffern, New York

                                          Robert L. Reda, P.C.

                                          By: *Robert L. Reda*
                                               Robert L. Reda (RL 5099)
                                          4 Executive Boulevard
                                          Suite 101
                                          Suffern, New York 10901
                                          (845) 357-5555
                                          rreda@redalaw.com

**EXHIBIT 1**
**REGISTRATION CERTIFICATE FOR PLAINTIFF'S MARK**
**EXHIBIT 2**
**SAMPLES OF DEFENDANT'S USE OF THE JERKITO BURRITO MARK**
**EXHIBIT 3**
**PLAINTIFF'S CEASE AND DESIST LETTER**